AMERICAN BONDING COMPANY V. FRED HEYE ET AL.

FILED MAY 3, 1906. No. 14,249.

Supersedeas Bonds: LIABILITY OF SURETY. In the absence of fraud or mistake, or of some circumstances working an estoppel, a surety upon a supersedeas bond can be held only for consequences of the proceeding in which the instrument was given.

ERROR to the district court for Otoe county: PAUL JESSEN, JUDGE. *Reversed with directions.*

*Hall & Stout* and *E. Wakeley,* for plaintiff in error.

*John C. Watson, contra.*

AMES, C.

The defendants in error, Heye and others, successfully prosecuted in the district court for Otoe county an action against P. R. E. E. Linton and A. P. Linton to quiet title and possession in the former, of a tract of land lying in that county. For the purpose of obtaining a review of that judgment by this court, the Lintons, as principals, and the

American Bonding Company of Baltimore, as surety, executed and filed with the clerk of the district court a bond in the penal sum of $100, reciting the judgment, in substance, and concluding with the following as its condition. "That the judge of the court fixed the amount of the supersedeas bond at $100; that the above obligation is given in pursuance of said order, and upon all the conditions provided by law for such bonds required to be given upon appeal; the said American Bonding Company of Baltimore hereby obligated itself to pay any portion of the above obligation fixed by the court, which may be required of it, for any violation of the provisions of said bond or the provisions of the law required in such bond hereby incorporated by reference." Shortly after the giving of the foregoing bond the Lintons prosecuted a petition in error in this court, which resulted in an affirmance of the judgment of the Otoe county court, and thereupon they sued out a writ of error from the supreme court of the United States, and for the purpose of effecting a supersedeas they, as principals, and the bonding company, as surety, executed and filed with the clerk of this court a bond in the penal sum of $500, reciting, in effect, that it was given as a supersedeas of a judgment rendered by the circuit court of the United States for the district of Nebraska, pending the prosecution of a writ of error to reverse such judgment from the supreme court of the United States. Afterwards such proceedings were had in the last named court that the judgment of this court was affirmed. This action was begun in the county court of Otoe county by the obligees named in said bonds against the surety alone to recover the amount of costs taxed against the plaintiffs in error, the Lintons, in this court and in the supreme court of the United States. There was a judgment for the plaintiff in the county court, which was affirmed in a proceeding in error in the district court, and from the judgment of affirmance the present proceeding is prosecuted.

The petition recites the facts substantially as above related, and does not aver that at any time before the be-

ginning of this suit the bonding company knew or had notice, actual or constructive, that the instrument first described was used, or was intended or contemplated to be used, as a means of superseding the judgment in Otoe county pending a proceeding in error in this court, or that the instrument secondly described was used, or intended or contemplated to be used, as a means of superseding any judgment of this court under any circumstances. It can scarcely be necessary to cite authorities or to adduce reasons for holding that such a petition does not contain facts constituting a cause of action. The latter mentioned instrument appears to be entirely foreign to the litigation in which it was attempted to be used, and the most that can be said of the former one, even if so much can be said, which is doubtful, is that it was intended to be used in the prosecution of an appeal to this court, and it is quite evident that one might be willing to be surety in an appeal in which there would be a trial of the cause *de novo* and upon its merits, who would decline absolutely to be sponsor for a prosecution confined to allegations of errors committed by the lower court in the progress of the trial. It is plain that, in the absence of fraud or mistake or of some circumstances working an estoppel, a surety upon a supersedeas bond can be held only for consequences of the proceeding in which the instrument purports to have been given.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded, with instructions to that court to reverse the judgment of the county court and proceed according to law.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with instructions to that court to reverse the judgment of the county court and proceed acording to law.

REVERSED.